IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR00513-009 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS MANSFIELD, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Now comes Defendant, Dennis Mansfield, by and through undersigned counsel, Steve Canfil, and files this Sentencing Memorandum.  Mr. Mansfield respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.  Mr. Mansfield is respectfully requesting this Honorable Court to consider all mitigating factors, including his age, significant health problems and physical disability, his role as a minimal participant, criminal history category of I, and substance abuse at the time of the offense when imposing a reasonable sentence. USSG §5H1.4 permits this Honorable Court to consider the Defendant's physical condition and need for medical care when determining a reasonable sentence. Based on the totality of the arguments, Mr. Mansfield respectfully requests to be sentenced to a term of probation. A more thorough explanation of this request is set forth in the attached Memorandum in Support incorporated herein by reference.

              Respectfully Submitted,

              /s/ Steve Canfil_____
              STEVE W. CANFIL, ESQ. (#0001297)
              Attorney for the Defendant
              55 Public Square, Suite 2100
              Cleveland, OH 44113
              440-227-3017
              stcanf@gmail.com

## MEMORANDUM IN SUPPORT

### I. BACKGROUND.

On December 6, 2017, Dennis Mansfield was named in a 29-count Indictment along with fourteen (14) codefendants for allegedly violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), Conspiracy to Possess with Intent to Distribute Fentanyl, Heroin, Cocaine, and U-47700. On February 1, 2019, the defendant plead guilty to Count One of the Indictment pursuant to a Rule 11(c)(1)(A) plea agreement and his case was referred to the U.S. Probation Office for the preparation of a Presentence Investigation and Report ("PSR"). Mr. Mansfield has been under pretrial supervision since December 7, 2017.

In his PSR, United States Pretrial Service and Probation Officer Robin K. Grimes indicated the following as potential grounds for a departure from the applicable sentencing guideline provisions: § 5H1.4 Physical Condition. (PSR, R. 268, PAGE ID 2115). She further indicated "Given the defendant's history and characteristics, the Court may choose to vary downward from the sentencing guideline provisions." *Id*.

### II. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

#### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in *18 USC 3553(a)* to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *18 U.S.C 3553(a)* requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect

the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the *Section 3553(a)(1)* requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the *Section 3553(a)(1)* factors might call for a sentence outside the guideline range").

**B. ARGUMENT.**

Dennis Robert Mansfield was born on May 23, 1959 and will be fifty-nine (59) years old at the time of sentencing. As this Honorable Court is aware, criminal conduct tends to diminish with age, a relationship that is widely referenced as the "age-crime curve." This construct is supported by the age-crime statistics contained in the Uniform Crime Reports published annually by the Federal Bureau of Investigation.

The presentence report establishes that Mr. Mansfield's physical condition meets the extraordinary circumstances to justify a downward departure as a result of his health. Mr. Mansfield suffers from multiple current health issues and currently takes approximately eleven (11) prescription medications per day, as well as, constant use of his oxygen machine. In the

3

past, he has had over thirteen (13) surgical procedures. On January 15, 2015, Mr. Mansfield went into septic shock. At that time he also had pancreatitis and anemia. Due to the severity of the septic shock, Mr. Mansfield was required to have both of his feet amputated. As a result, he is now in a wheelchair. Since 2015, he has been in septic shock four (4) additional times.

Mr. Mansfield is currently under the care of doctors at the Cleveland Clinic and MetroHealth.  He has future medical appointments scheduled with his medical team. Due to his ongoing extensive illnesses and the costs associated with the Bureau of Prisons accommodating and treating Mr. Mansfield's significant impairments, he respectfully requests this Honorable Court consider USSG §5H1.4 and sentence him to a term of probation. Mr. Mansfield would most likely not survive if he were to be sentenced to any sentence of imprisonment. His health would quickly deteriorate if he was not given access to all of his medications, doctors, and treatment providers.

In *Hohn*, the District Court justified a 4-level downward departure pursuant to U.S.S.G. § 5H1.4 based on the defendant's development of type 2 diabetes and the failure of one of his kidneys. *United States v. Hohn*, 443 Fed. Appx. 931 (6th Cir. 2011). The district court acknowledged that Hohn "suffers from serious health conditions" and granted a 4-level departure for health reasons. In *Dusenbery*, the Court departed downward from a 121-151 month recommended guideline range to 60 months imprisonment because of the defendant's age and medical condition (kidney disease). *United States v. Dusenbery*, 9 F.3d 110 (6th Cir. 1993). In *Willis* the Court departed downward from an adjusted offense level of 17 to a level 10, in order to give Willis a sentence of probation. *Unite States. v. Willis,* 322 F.Supp.2d 76, 85 (D. Mass. 2004).  The Court sentenced him to two years' probation, six months of which was to be in home detention with electronic monitoring. *Id*. The *Willis* court stated that because of the defendant's

various medical problems home confinement and probation would be equally as efficient as jail.

*Id.*  The court also stated:

> The issue is one of degree. Willis has an inordinate number of potentially serious medical conditions. It seems imminently logical the Willis is at an age where these medical conditions will invariably get worse. **It seems logical that being away from his support structure, both family and doctors, will invariably exacerbate his conditions.** It seems logical that were he to go to jail for three years between the ages of 69 and 71 that he will emerge in substantially worse shape than he is now, if he does not die before completing his sentence. **It seems logical that while the BOP can care for him, the costs of that care are bound to escalate**.

*Id*. at 84-5. The Court noted that physical impairments could be considered as a basis for departure if they met the standard of being a) a serious and imminent medical threat; b) which would be made worse by incarceration; and/or c) which the Federal Bureau of Prisons ("BOP") could not adequately treat. *Id*. at 84.  Mr. Mansfield argues that his physical condition meets all three of these factors. Based upon the foregoing, Mr. Mansfield respectfully requests this Honorable Court to permit him to serve a sentence of probation.

In addition to USSG § 5H1.4, 18 U.S.C. § 3553(a)(1) also allows for mitigation due to poor health. Title 18 Section 3553(a) provides evaluative criteria to restore balance between the order of society emphasized by the retributivist approach and the utilitarian view that every human being must be treated with respect for his or her individual circumstances. The stated criteria may clash, and not all apply in each case. The criteria also point to individuated considerations: No one size fits all. The object of this balancing process is to achieve not a perfect or a mechanical sentence, but a condign one-one that is decent, appropriate and deserved under all attendant circumstances. Mr. Mansfield is asking this Honorable Court to use its discretion and fashion a sentence that permits Mr. Mansfield to continue his medical care and treatment outside of the prison system.

5

This Honorable Court must choose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed training, care and treatment. 18 U.S.C. § 3553(a)(2). Mr. Mansfield had a very tough upbringing and was the victim of abuse. This past abuse, along with his extensive medical issues and the loss of his limbs has led Mr. Mansfield to require significant mental health treatment. On January 24, 2018 and April 12, 2018, Mr. Mansfield completed a psychological evaluation, of which the results are documented in his PSR. (PSR, R. 268, PAGE ID 2107). Further, Mr. Mansfield has self medicated for both his mental health and physical problems with alcohol, marijuana and cocaine throughout his life. Mr. Mansfield is currently attending outpatient substance abuse treatment and is open to continued treatment, with the possibility of inpatient treatment. Mr. Mansfield has struggled to maintain his sobriety but would like to continue working towards living a law abiding lifestyle. Based upon the foregoing, Mr. Mansfield respectfully requests this Honorable Court to give due consideration to all of his significant mitigating factors when imposing a reasonable sentence.

## III.  CONCLUSION.

Mr. Mansfield respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing and sentence the Defendant to a term of probation.

    Respectfully Submitted,

    /s/ Steve Canfil_____
    STEVE W. CANFIL, ESQ. (#0001297)
    Attorney for the Defendant
    55 Public Square, Suite 2100
    Cleveland, OH 44113

                                                440-227-3017
                                                stcanf@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Steve Canfil
                                                STEVE W. CANFIL, ESQ. (#0001297)
                                                Attorney for the Defendant